W. F. M. HOMES ET AL. v. JOSEPH O'CONNER,
ADMINISTRATOR.

No. 540.

Executor's Unauthorized Sale of Realty—Estoppel by Receipt of Price.—
An executor, without an order of court and in a manner not authorized by the will,
sold land of the testator, and paid over the proceeds to the devisees named in the
will. *Held*, that his sureties were not liable in an action brought for the value of the
land by a subsequent administrator de bonis non, in reality for the benefit of the de-
visees, the estate not owing any debts.

APPEAL from Gonzales. Tried below before T. F. HARWOOD, Esq.,
Special Judge.

*Thomas McNeal*, for appellants.—The sureties on the bond of an ex-
ecutor are not liable for the illegal and void acts of the executor, and
are not liable for the value of land sold by the executor when the will
does not authorize the sale, and there is no order of the Probate Court
authorizing the sale or confirming the same. Sayles' Civ. Stats., art.
2059; McNalley v. Haynes, 59 Texas, 583; Commonwealth v. Stub,
51 Am. Dec., 515; Huse v. Dere, 20 Am. St. Rep., 232, and notes;
Frost v. Atwood, 16 Am. St. Rep., 560, and notes; Brandt on Surety.,
secs. 499, 500; Reeves v. Steele, 2 Head, 647.

*Joseph O'Connor* and *W. W. Glass*, for appellee.—The receipt of the
sum of $1800 by the devisees immediately after the sale of the land
would raise the presumption that it was the identical money for which
the land and personalty was sold, and an expression of satisfaction by
them of the acts of Ballard constituted an estoppel on their part from
ever asserting claim thereto. Big. on Estop., 645; Smith v. Butler, 85
Texas, 126; Rev. Stats., arts. 3193, 3194.

JAMES, CHIEF JUSTICE.—Richard Newsome died on July 9, 1883,
leaving the estate to collateral relatives. His will named B. E. Bal-
lard and J. M. Fly as the executors, and directed that his property of
every kind should be sold at public sale as soon as possible after his
death; and the money equally distributed among the several devisees,
and provided that the executors should give bond. Ballard alone
qualified. The evidence was that Ballard, on September 24, 1893,
sold, without orders from the County Court, a tract of land, being all
the land belonging to the estate, for $1080 cash, and that on or about
October 26, 1883, he paid over to the devisees the sum of $1800 de-
rived from the sale of said land and certain of the personalty. Shortly
afterwards he collected the further sum of $600, and paid over to the
devisees the sum of $300. Ballard died in October, 1887.

This suit was brought by Joseph O'Connor, administrator de bonis
non of Newsome's estate, against the sureties on Ballard's bond as ex-

ecutor, alleging that appellee qualified in September, 1883, and that Ballard had taken possession of the real and personal estate of the value of $1116, and notes and claims in the sum of $1848.50, and had converted the same, and that Ballard had died insolvent, and that defendants were liable to plaintiff for said sums, with interest at 6 per cent per annum from the date of Ballard's qualification. The demurrers were properly overruled.

The second and third assignments of error refer to the evidence of the sale of the land. Ballard sold the land without any orders of court, and when plaintiff offered to prove the sale of the land for $1080 cash, defendant objected, on the ground that no order of sale or confirmation had been shown, or that it was made at public sale, as the will directed, and that the sale was a void act of the executor, conferred no title on the purchaser, and his sureties were not affected by such a sale. The court overruled the objection, and admitted the evidence. Defendant afterwards asked a charge, which was refused, to the effect, that the sale of the land by Ballard not having been authorized by the will, and there being no application for sale or confirmation of sale by the Probate Court, the same was illegal, and the sureties were not liable therefor, and to that extent the jury should find for defendant.

Whether or not the will empowered the executor to sell as he did, without any action of the County Court, is, under the evidence in the record, an unnecessary inquiry.

Both parties assert that the estate owes no debts, and from exhibits to the respective pleadings it would appear to be so. Hence the suit by the administrator de bonis non is one brought in the interest of the devisees. It clearly appears from the testimony that the land sold for $1080 in September, 1883, and that shortly afterwards, on October 26, 1883, having sold the land and some personal property to the satisfaction of the devisees, he had on hand the proceeds, $1080, which he on that date paid over to them. This established the fact that the executor had accounted to them for the land, and they had approved his action and received the proceeds, and for this reason it is unnecessary, in order for the sureties to be relieved in respect to the value of the land, for them to invoke a construction of the will with reference to the executor's right to dispose of the land. There was no error, in view of this evidence, in admitting testimony of the sale.

The statement of facts in this record is peculiar. It is headed, "There being but one point made by defendants on a motion for new trial, only the facts bearing on that point are necessary in this statement;" and the statement is signed by the judge, who certified that the parties had failed to agree on a statement of facts.

If we should disregard the statement of facts, as not being a statement of all the evidence on the trial, we would have to affirm the judgment. If we treat it as a statement of facts, it establishes that

there was no error in admitting testimony of the sale of the land. No other question was raised in the motion for new trial.

The judgment is accordingly affirmed.

*Affirmed.*

Delivered January 9, 1895.